# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAURA BIVENS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CIV-17-1181-M |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is plaintiff's Motion to Remand, filed November 14, 2017. On December 5, 2017, defendant filed its response, and on December 15, 2017, plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

On or about July 19, 2016, plaintiff was involved in an accident while occupying a vehicle owned by defendant's insured, Humberto Martinez. Plaintiff alleges that she was eligible for med pay benefits under the insurance policy issued to Mr. Martinez. Plaintiff further alleges that her medical bills have not been paid in full by defendant under the medical payments coverage of the insurance policy.

On August 21, 2017, plaintiff filed this action in the District Court of Oklahoma County, State of Oklahoma, asserting both a breach of contract claim and a breach of the duty of good faith and fair dealing claim against defendant. On November 1, 2017, defendant removed this action to this Court on the basis of diversity jurisdiction. Plaintiff now moves this Court to remand this action to state court. Specifically, plaintiff asserts that the amount in controversy requirement is not satisfied.[1]

---

[1] The parties do not dispute that they are of diverse citizenship.

28 U.S.C. § 1332(a) provides, in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; . . . ." "Ordinarily, the amount in controversy is to be determined by the allegations of the complaint, or, where they are not dispositive, the allegations in the petition for removal." *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970) (internal citations omitted). Further, if a plaintiff "does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

In her Petition, plaintiff "prays for judgment against Defendant, Allstate, in an amount less than $75,000." Petition [docket no. 1-1] at 3. Plaintiff uses the term "judgment," which would encompass all damages, attorney's fees, costs, interest, etc. that plaintiff is seeking in this case. Thus, based upon the language in plaintiff's prayer, the Court finds that the amount in controversy in this case is clearly less than $75,000. The Court, therefore, finds that it does not have subject matter jurisdiction in this case and that this case should be remanded to state court.

In her motion, plaintiff also moves, pursuant to 28 U.S.C. § 1447(c), for an award of her costs and expenses, including attorney's fees, incurred as a result of the removal. Section 1447(c) provides, in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Having carefully reviewed the parties' submissions, the Court finds that while ultimately unsuccessful, defendant had an objectively reasonable basis for

removal. Accordingly, the Court finds that plaintiff should not be awarded her costs and expenses, including attorney's fees.

The Court, therefore, GRANTS plaintiff's Motion to Remand [docket no. 10] and REMANDS this case to the District Court of Oklahoma County, State of Oklahoma.

**IT IS SO ORDERED this 11th day of April, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE